TODD KIM
Assistant Attorney General
Environment and Natural Resources Division

S. LANE TUCKER
United States Attorney
District of Alaska

DANIEL J. MARTIN
LAURA J.S. BROWN
United States Department of Justice
Environment and Natural Resources Division
Environmental Defense Section
150 M St. NE
Washington, DC 20002
Daniel.Martin3@usdoj.gov
202-307-1056

*Attorneys for the United States*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>  v.<br><br>ROBERT YUNDT HOMES, LLC, and ROBERT D. YUNDT II,<br><br>   Defendants. | No. 3:23-cv-00073-JMK<br><br>**COMPLAINT** |

  The United States of America (the United States), through its undersigned attorneys, by the authority of the Attorney General, and at the request of the

UNITED STATES' COMPLAINT
No. _____
Page 1

U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044

Case 3:23-cv-00073-JMK   Document 1   Filed 04/07/23   Page 1 of 19

Administrator of the United States Environmental Protection Agency (EPA), alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action commenced under the Clean Water Act (CWA) Sections 309(b) and (d). 33 U.S.C. § 1319(b), (d). The United States seeks injunctive relief and civil penalties against Defendants Robert D. Yundt II and Robert Yundt Homes, LLC, for violating CWA Sections 301(a) and 309(d). 33 U.S.C. §§ 1311(a), 1319(d).

2. Defendants violated CWA Section 301(a) by discharging pollutants into navigable waters from a point source without authorization by a U.S. Army Corps of Engineers (Corps) permit under CWA Section 404, 33 U.S.C. § 1344, at two locations in Wasilla, Alaska.

3. After EPA discovered CWA violations, Defendant Robert Yundt Homes, LLC, entered into two Administrative Orders on Consent with EPA that required the submission of final restoration and mitigation plans and the performance of certain restoration work. Defendant Robert Yundt Homes, LLC, violated these Administrative Orders by failing to submit the required final restoration plans and perform the agreed-upon restoration work.

4. In this action, the United States seeks to require Defendants to: (1) restore and provide mitigation for injuries to the affected waters of the United States at their own expense and under the direction of EPA and/or the Corps, (2) pay civil penalties as

UNITED STATES' COMPLAINT
No. _____
Page 2

U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044

Case 3:23-cv-00073-JMK   Document 1   Filed 04/07/23   Page 2 of 19

provided in 33 U.S.C. § 1319(d), and (3) cease the discharge of pollutants into waters of the United States.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action under CWA Section 309(b), 33 U.S.C. § 1319(b), and 28 U.S.C. §§ 1331, 1345, and 1355.

6. Venue is proper in the United States District Court for the District of Alaska under CWA Section 309(b), 33 U.S.C. § 1319(b), and under 28 U.S.C. § 1391(b)–(c), because Defendants conduct business in this District, the subject properties are located in this District, and the cause of action alleged herein arose in this District.

7. Notice of the commencement of this action has been provided to the State of Alaska in accordance with CWA Section 309(b), 33 U.S.C. § 1319(b).

## THE PARTIES

8. The Plaintiff is the United States of America. The United States Department of Justice is vested with the authority to bring this action under 28 U.S.C. §§ 516 and 519, and 33 U.S.C. § 1366.

9. Defendant Robert D. Yundt II is a private individual who resides and conducts business in the District of Alaska. Defendant Robert Yundt is a partial owner and the managing member of Defendant Robert Yundt Homes, LLC, and was a partial owner and the managing member of Defendant Robert Yundt Homes, LLC at all times relevant to the Complaint. Upon information and belief, Defendant Robert Yundt resides in Wasilla, Alaska.

UNITED STATES' COMPLAINT　　　　　　　　　　　　　　　　　U.S. Department of Justice
No. _____　　　　　　　　　　　　　　　　　　　　　Environmental Defense Section
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　P.O. Box 7611
Page 3　　　　　　　　　　　　　　　　　　　　　　　　　Washington, D.C. 20044

Case 3:23-cv-00073-JMK   Document 1   Filed 04/07/23   Page 3 of 19

10. Defendant Robert Yundt Homes, LLC, was at all times relevant to the Complaint a limited liability company registered in the state of Alaska. Its principal address is 357 East Parks Highway, Suite 200, Wasilla, Alaska, 99654. Defendant Robert Yundt and Ms. Trenitie Yundt, husband and wife, each own 50 percent of Robert Yundt Homes, LLC.

11. Each Defendant is a "person" within the meaning of CWA section 502(5), 33 U.S.C. § 1362(5).

12. Upon information and belief, at all times relevant to the Complaint, Defendants controlled the sites where the violations took place and/or controlled the activities that occurred on these sites.

## STATUTORY AND REGULATORY BACKGROUND

13. The CWA's purpose is "to restore and maintain the chemical, physical, and biological integrity of the Nation's waters." 33 U.S.C. § 1251(a).

14. CWA Section 301(a), 33 U.S.C. § 1311(a), prohibits the discharge of any pollutant, including dredged or fill material, by any person from any point source to navigable waters unless that discharge is authorized by a permit issued under CWA Section 402 or 404, 33 U.S.C. §§ 1342 or 1344.

15. CWA Section 404(a), 33 U.S.C. § 1344(a), authorizes the Secretary of the Army, acting through the Chief of Engineers, to issue permits for the discharge of dredged or fill material to navigable waters at specified disposal sites, after notice and opportunity for public comment.

UNITED STATES' COMPLAINT  
No. _____  
Page 4

U.S. Department of Justice  
Environmental Defense Section  
P.O. Box 7611  
Washington, D.C. 20044

Case 3:23-cv-00073-JMK   Document 1   Filed 04/07/23   Page 4 of 19

16. "Fill material" is defined as any material other than trash or garbage which replaces portions of the waters of the United States with dry land or which changes the elevation of a water body for any purpose. 40 C.F.R. § 232.2.

17. "Dredged material" is defined as material that is excavated or dredged from waters of the United States. 40 C.F.R. § 232.2.

18. CWA Section 502(12), 33 U.S.C. § 1362(12), defines "discharge of a pollutant" to include "any addition of any pollutant to navigable waters from any point source."

19. CWA Section 502(6), 33 U.S.C. § 1362(6), defines "pollutant" to include, *inter alia*, dredged spoil, rock, sand, cellar dirt, biological materials, and garbage.

20. CWA Section 502(7), 33 U.S.C. § 1362(7), defines "navigable waters" to mean "the waters of the United States, including the territorial seas."

21. CWA Section 502(14), 33 U.S.C. § 1362(14), defines "point source" to include "any discernible, confined and discrete conveyance . . . from which pollutants are or may be discharged."

22. CWA Section 502(5), 33 U.S.C. § 1362(5), defines "person" to include "an individual [or] corporation."

23. CWA Section 309(b), 33 U.S.C. § 1319(b), authorizes the commencement of a civil action for appropriate relief, including a permanent or temporary injunction, against any person who violates CWA Section 301(a).

24. In an action brought under CWA Section 309(b), 33 U.S.C. § 1319(b), CWA Section 309(d), 33 U.S.C. § 1319(d), authorizes the district court to impose civil

UNITED STATES' COMPLAINT　　　　　　　　　　　　　　U.S. Department of Justice
No. _____　　　　　　　　　　　　　　　　　　　Environmental Defense Section
Page 5　　　　　　　　　　　　　　　　　　　　　　　P.O. Box 7611
　　　　　　　　　　　　　　　　　　　　　　　　　　Washington, D.C. 20044

Case 3:23-cv-00073-JMK　Document 1　Filed 04/07/23　Page 5 of 19

penalties against any person who violates CWA Section 301(a) or who violates an EPA order issued under CWA Section 301(a).

## GENERAL ALLEGATIONS

### The Wasilla Lake Site

25. Since at least August 2020 and, upon knowledge and belief, continuing to the present, Ms. Yundt has owned the residential subdivision lot located at 1165 East Westpoint Drive, Wasilla, Alaska 99654 (the "Wasilla Lake Site").

26. The Wasilla Lake Site contains wetlands that are adjacent to and directly abut Wasilla Lake, a perennial tributary and relatively permanent water body with a continuous surface connection to Cottonwood Creek. Cottonwood Creek is a perennial tributary and relatively permanent water body with a continuous surface connection to the Knik Arm of Cook Inlet. The Knik Arm of Cook Inlet is subject to the ebb and flow of the tide and is a traditional navigable water.

27. In or around August 2020, Defendants and/or persons acting on their behalf performed work at the Wasilla Lake Site to create a backyard and floating dock on the shoreline of Wasilla Lake. This work included:

   a. Using heavy earthmoving equipment — including a skid steer loader, excavator, and dump truck — to move various materials, and

   b. placing some of these materials (including rip rap rock, gravel, and topsoil) into Wasilla Lake below the ordinary high-water mark and into wetlands adjacent to Wasilla Lake.

28. The work described in Paragraph 27 was authorized and overseen by Defendant Robert Yundt on behalf of Defendant Robert Yundt Homes, LLC.

UNITED STATES' COMPLAINT
No. _____
Page 6

U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044

Case 3:23-cv-00073-JMK   Document 1   Filed 04/07/23   Page 6 of 19

29. The materials described in Paragraph 27 included rip rap rock, gravel, and topsoil.

30. Defendants did not have a permit under CWA Section 404 from the Corps for any of these activities.

31. On October 29, 2021, Defendant Robert Yundt, on behalf of Defendant Robert Yundt Homes, LLC, signed an Administrative Order on Consent with EPA regarding the Wasilla Lake Site (the "Wasilla Lake Order"). A copy of the Wasilla Lake Order is included as Exhibit A to this Complaint.

32. The Wasilla Lake Order included, among others, the following provisions:

   a. that the Wasilla Lake Order was "mutually entered into by EPA and Respondent [Defendant Robert Yundt Homes, LLC]";

   b. that Defendant Robert Yundt Homes, LLC, "consent[ed] to EPA's authority to issue and enforce th[e Wasilla Lake] Order";

   c. that Defendant Robert Yundt Homes, LLC, "agree[d] to undertake all actions required by the terms and conditions of th[e Wasilla Lake] Order"; and

   d. that Defendant Robert Yundt Homes, LLC, "agree[d] not to contest the authority of EPA to issue or enforce th[e Wasilla Lake] Order or the validity of any terms or conditions."

Ex. A, ¶¶ 1.2, 1.4.

33. Regarding liability, EPA found in the Wasilla Lake Order that Defendant Robert Yundt Homes, LLC, had violated the CWA by discharging pollutants from a point source into navigable waters without a permit. Ex. A, ¶ 4.11.

34. Regarding remedy, Defendant Robert Yundt Homes, LLC and EPA agreed to compliance measures. Ex. A, at 7–15.

UNITED STATES' COMPLAINT
No. _____
Page 7

U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044

Case 3:23-cv-00073-JMK   Document 1   Filed 04/07/23   Page 7 of 19

35. The compliance measures required Defendant Robert Yundt Homes, LLC, to

    a. cease discharging any additional pollutants at the Site;

    b. submit a Restoration Work Plan to EPA within 45 days of the Wasilla Lake Order's effective date; and

    c. after obtaining EPA approval, complete the activities required by the Restoration Work Plan by July 31, 2022.

Ex. A, at 7–10.

36. The Wasilla Lake Order became effective on November 2, 2021.

37. Defendant Robert Yundt Homes, LLC, submitted an untimely and incomplete Restoration Work Plan for the Wasilla Lake Site to EPA on June 23, 2022.

38. EPA provided comments on the untimely and incomplete Restoration Work Plan on June 29, 2022.

39. On November 29, 2022, the Department of Justice sent a demand letter to Defendants outlining their failures to comply with the CWA and Wasilla Lake Order.

40. Defendant Robert Yundt Homes' consultant, the Boutet Company, Inc., submitted proposed restoration plans on January 9, 2023.

41. EPA approved the proposed restoration plans on March 9, 2023, after two revisions.

42. As of the date of filing, Defendant Robert Yundt Homes, LLC, has not completed the restoration activities required by the Wasilla Lake Order or guaranteed their timely performance.

UNITED STATES' COMPLAINT  
No. _____  
Page 8

U.S. Department of Justice  
Environmental Defense Section  
P.O. Box 7611  
Washington, D.C. 20044

Case 3:23-cv-00073-JMK   Document 1   Filed 04/07/23   Page 8 of 19

## The Cottonwood Lake Sites

43. Since at least April 2019 and, upon knowledge and belief, continuing to the present, Defendant Robert Yundt Homes, LLC, has owned the residential subdivision lot located at 5560 East Cherry Circle, Wasilla, Alaska 99654 (Lot 24A).

44. Between since at least April 2019 and December 2019, Defendant Robert Yundt Homes, LLC, owned the residential subdivision lot located at 5530 East Cherry Circle, Wasilla, Alaska 99654 (Lot 6A, and collectively with Lot 24A, the "Cottonwood Lake Sites"). Defendant sold Lot 6A in December 2019 to a non-party.

45. The Cottonwood Lake Sites contain wetlands that are adjacent to and directly abut Cottonwood Lake, a perennial tributary and relatively permanent water body with a continuous surface connection to Cottonwood Creek. Cottonwood Creek is a perennial tributary and relatively permanent water body with a continuous surface connection to the Knik Arm of Cook Inlet. The Knik Arm of Cook Inlet is subject to the ebb and flow of the tide and is a traditional navigable water.

46. Beginning in April 2019 and continuing to the present for Lot 24A, Defendants and/or persons acting on their behalf performed work at the Cottonwood Lake Sites to mechanically clear land and prepare the lots for residential development. This work included:

   a. Using heavy earthmoving equipment — including an excavator and dump truck — to move various materials, and

   b. placing some of these materials (including gravel, soil, woody debris, slash, and logs) into wetlands adjacent to Cottonwood Lake.

UNITED STATES' COMPLAINT  
No. _____  
Page 9

U.S. Department of Justice  
Environmental Defense Section  
P.O. Box 7611  
Washington, D.C. 20044

Case 3:23-cv-00073-JMK   Document 1   Filed 04/07/23   Page 9 of 19

47. The work described in Paragraph 46 was authorized and overseen by Defendant Robert Yundt on behalf of Defendant Robert Yundt Homes, LLC.

48. The materials described in Paragraph 46 included gravel, soil, woody debris, slash, and logs.

49. Defendants did not have a permit under CWA Section 404 from the Corps for any of these activities.

50. On October 29, 2021, Defendant Robert Yundt, on behalf of the Defendant Robert Yundt Homes, LLC, signed an Administrative Order on Consent with EPA regarding the Cottonwood Lake Sites (the "Cottonwood Lake Order"). A copy of the Cottonwood Lake Order is included as Exhibit B to this Complaint.

51. The Cottonwood Lake Order included, among others, the following provisions:

   a. that the Cottonwood Lake Order was "mutually entered into by EPA and Respondent [Defendant Robert Yundt Homes, LLC]";

   b. that Defendant Robert Yundt Homes, LLC, "consent[ed] to EPA's authority to issue and enforce th[e Cottonwood Lake] Order";

   c. that Defendant Robert Yundt Homes, LLC, "agree[d] to undertake all actions required by the terms and conditions of th[e Cottonwood Lake] Order"; and

   d. that Defendant Robert Yundt Homes, LLC, "agree[d] not to contest the authority of EPA to issue or enforce th[e Cottonwood Lake] Order or the validity of any terms or conditions."

Ex. B, ¶¶ 1.2, 1.4.

UNITED STATES' COMPLAINT
No. _____
Page 10

U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044

Case 3:23-cv-00073-JMK   Document 1   Filed 04/07/23   Page 10 of 19

52. Regarding liability, EPA found in the Cottonwood Lake Order that Defendant Robert Yundt Homes, LLC, had violated the CWA by discharging pollutants from a point source into navigable waters without a permit. Ex. B, ¶ 4.11.

53. Regarding remedy, Defendant Robert Yundt Homes, LLC, and EPA agreed to compliance measures. Ex. B, at 7–15.

54. The compliance measures required Defendant Robert Yundt Homes, LLC to:

    a. cease discharging any additional pollutants at the Sites;

    b. submit a Restoration Work Plan to EPA within 45 days of the Cottonwood Lake Order's effective date;

    c. after obtaining EPA approval, complete the activities required by the Restoration Work Plan by July 31, 2022; and

    d. execute a restrictive covenant to protect natural conditions on Lot 24A.

Ex. B, at 7–12.

55. The Cottonwood Lake Order became effective on November 2, 2021.

56. On November 29, 2022, the Department of Justice sent a demand letter to Defendants outlining their failures to comply with the CWA and Cottonwood Lake Order.

57. Defendant Robert Yundt Homes, LLC's consultant, the Boutet Company, Inc., submitted proposed restoration plans on January 9, 2023.

58. EPA approved the proposed restoration plans on March 9, 2023, after two revisions.

UNITED STATES' COMPLAINT  
No. _____  
Page 11

U.S. Department of Justice  
Environmental Defense Section  
P.O. Box 7611  
Washington, D.C. 20044

Case 3:23-cv-00073-JMK   Document 1   Filed 04/07/23   Page 11 of 19

59. As of the date of filing, Defendant Robert Yundt Homes, LLC, has not completed the required restoration activities or guaranteed their timely performance.

**FIRST CLAIM FOR RELIEF**
**(Against All Defendants)**

**Clean Water Act Violation for**
**Point-Source Pollution of Navigable Waters without a Permit**
**at the Wasilla Lake Site**
**(33 U.S.C. § 1311(a))**

60. The United States repeats and realleges the allegations in Paragraphs 1 through 59.

61. The CWA prohibits the discharge of (1) any pollutant by (2) any person to (3) navigable waters from (4) any point source, except (5) in accordance with a Corps permit. 33 U.S.C. § 1311(a).

62. The CWA defines "pollutant" to include, dredged spoil, biological materials, rock, sand, cellar dirt, and garbage. 33 U.S.C. § 1362(6).

63. The CWA defines "person" to include an individual or corporation. 33 U.S.C. § 1362(5).

64. The CWA defines "navigable waters" as "the waters of the United States, including the territorial seas." 33 U.S.C. § 1362(7).

65. The CWA defines "point source" to include "any discernible, confined and discrete conveyance . . . from which pollutants are or may be discharged." 33 U.S.C. § 1362(14).

66. The rip rap rock, gravel, and topsoil that Defendants discharged at the Wasilla Lake Site are pollutants under the CWA.

UNITED STATES' COMPLAINT
No. _____
Page 12

U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044

Case 3:23-cv-00073-JMK   Document 1   Filed 04/07/23   Page 12 of 19

67. Defendants are persons under the CWA.

68. Wasilla Lake and its adjacent wetlands are waters of the United States.

69. The heavy earthmoving equipment that Defendants used at the Wasilla Lake Site are point sources under the CWA.

70. Defendants did not receive a permit from the Corps for their discharges.

71. By discharging rip rap rock, gravel, and topsoil into waters of the United States at the Wasilla Lake Site using heavy earthmoving equipment without a Corps permit, Defendants violated the CWA.

72. Each day that the dredged or fill material remains in the waters at the Wasilla Lake Site constitutes a separate violation of CWA.

73. Under CWA Section 309(b) and (d), 33 U.S.C. §§ 1319(b) and (d), the Debt Collection Improvement Act of 1996, 31 U.S.C. § 3701, and 40 C.F.R. § 19.4, Defendant Robert Yundt is liable for a civil penalty of up to $64,618 per day for each CWA violation.

74. Unless this Court compels Defendants to restore the affected waters to their pre-fill condition, Defendants are likely to allow dredged and/or fill material to remain in waters of the United States at Wasilla Lake.

UNITED STATES' COMPLAINT  
No. _____  
Page 13

U.S. Department of Justice  
Environmental Defense Section  
P.O. Box 7611  
Washington, D.C. 20044

Case 3:23-cv-00073-JMK   Document 1   Filed 04/07/23   Page 13 of 19

## SECOND CLAIM FOR RELIEF
(Against All Defendants)

### Clean Water Act Violation for
### Point-Source Pollution of Navigable Waters without a Permit
### at the Cottonwood Lake Sites
### (33 U.S.C. § 1311(a))

75. The United States repeats and realleges the allegations in Paragraphs 1 through 59.

76. The CWA prohibits the discharge of (1) any pollutant by (2) any person to (3) navigable waters from (4) any point source, except (5) in accordance with a Corps permit. 33 U.S.C. § 1311(a).

77. The CWA defines "pollutant" to include dredged spoil, biological materials, rock, sand, cellar dirt, and garbage. 33 U.S.C. § 1362(6).

78. The CWA defines "person" to include an individual or corporation. 33 U.S.C. § 1362(5).

79. The CWA defines "navigable waters" as "the waters of the United States, including the territorial seas." 33 U.S.C. § 1362(7).

80. The CWA defines "point source" to include "any discernible, confined and discrete conveyance . . . from which pollutants are or may be discharged." 33 U.S.C. § 1362(14).

81. The gravel, soil, woody debris, slash, and logs that Defendants discharged at the Cottonwood Lake Sites are pollutants under the CWA.

82. Defendants are persons under the CWA.

83. Cottonwood Lake and its adjacent wetlands are waters of the United States.

UNITED STATES' COMPLAINT
No. _____
Page 14

U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044

Case 3:23-cv-00073-JMK   Document 1   Filed 04/07/23   Page 14 of 19

84. The heavy earthmoving equipment that Defendants used at the Cottonwood Lake Sites are point sources under the CWA.

85. Defendants did not receive a permit from the Corps for their discharges.

86. By discharging gravel, soil, woody debris, slash, and logs into the waters of the United States at the Cottonwood Lake Sites using heavy earthmoving equipment without a Corps permit, Defendants violated the CWA.

87. Each day that the dredged or fill material remains in the waters at the Cottonwood Lake Sites constitutes a separate violation of CWA.

88. Under CWA Section 309(b) and (d), 33 U.S.C. §§ 1319(b) and (d), the Debt Collection Improvement Act of 1996, 31 U.S.C. § 3701, and 40 C.F.R. § 19.4, Defendant Robert Yundt is liable for a civil penalty of up to $64,618 per day for each CWA violation.

89. Unless enjoined, Defendants' discharges are likely to continue to remain in waters of the United States in violation of CWA Section 301, 33 U.S.C. § 1311.

### THIRD CLAIM FOR RELIEF
### (Against Defendant Robert Yundt Homes, LLC)

### Clean Water Act Violation for
### Violating EPA Administrative Order on Consent
### (33 U.S.C. § 1319(d))

90. The United States repeats and realleges the allegations in Paragraphs 1 through 59.

91. The CWA empowers EPA to issue orders enforcing the CWA's mandates. 33 U.S.C. § 1319(a).

UNITED STATES' COMPLAINT  
No. _____  
Page 15

U.S. Department of Justice  
Environmental Defense Section  
P.O. Box 7611  
Washington, D.C. 20044

Case 3:23-cv-00073-JMK   Document 1   Filed 04/07/23   Page 15 of 19

92. Defendant Robert Yundt Homes, LLC and EPA entered into a valid Administrative Order on Consent by agreeing to the Wasilla Lake Order.

93. Defendant Robert Yundt Homes, LLC failed to comply with the Wasilla Lake Order's requirements that it submit a Restoration Work Plan and complete restoration activity within the Wasilla Lake Order's deadlines.

94. Unless this Court compels Defendant Robert Yundt Homes, LLC to comply with the Wasilla Lake Order, Defendant Robert Yundt Homes, LLC is not likely to comply with its terms.

95. Under CWA Section 309(d), 33 U.S.C. § 1319(d), the Debt Collection Improvement Act of 1996, 31 U.S.C. § 3701, and 40 C.F.R. § 19.4, Defendant Robert Yundt Homes, LLC is liable for a civil penalty of up to $64,618 per day for violating the Wasilla Lake Order.

**FOURTH CLAIM FOR RELIEF**
**(Against Defendant Robert Yundt Homes, LLC)**

**Clean Water Act Violation for**
**Violating EPA Administrative Order on Consent**
**(33 U.S.C. § 1319(d))**

96. The United States repeats and realleges the allegations in Paragraphs 1 through 59.

97. The CWA empowers EPA to issue orders enforcing the CWA's mandates. 33 U.S.C. § 1319(a).

98. Defendant Robert Yundt Homes, LLC and EPA entered into a valid Administrative Order on Consent by agreeing to the Cottonwood Lake Order.

UNITED STATES' COMPLAINT　　　　　　　　　　　　　　　　　　　U.S. Department of Justice
No. _____　　　　　　　　　　　　　　　　　　　　　　　　　　Environmental Defense Section
Page 16　　　　　　　　　　　　　　　　　　　　　　　　　　　　P.O. Box 7611
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Washington, D.C. 20044

Case 3:23-cv-00073-JMK　　Document 1　　Filed 04/07/23　　Page 16 of 19

99. Defendant Robert Yundt Homes, LLC failed to comply with the Cottonwood Lake Order's requirements that it submit a Restoration Work Plan and complete restoration activity within the Cottonwood Lake Order's deadlines.

100. Unless this Court compels Defendant Robert Yundt Homes, LLC to comply with the Cottonwood Lake Order, Defendant Robert Yundt Homes, LLC is not likely to comply with its terms.

101. Under CWA Section 309(d), 33 U.S.C. § 1319(d), the Debt Collection Improvement Act of 1996, 31 U.S.C. § 3701, and 40 C.F.R. § 19.4, Defendant Robert Yundt Homes, LLC is liable for a civil penalty of up to $64,618 per day for violating the Cottonwood Lake Order.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, the United States of America, respectfully requests that this Court order the following relief:

I. Permanently enjoin Defendants from discharging dredged or fill material or other pollutants to any water of the United States except in compliance with a CWA permit;

II. That Defendants be enjoined to undertake measures, at Defendants' own expense and at the direction of EPA, to effect complete restoration of the waters of the United States and/or to conduct off-site mitigation for irreversible environmental damage and/or temporal loss of aquatic resources, as appropriate, and in accordance with the approved restoration plans as approved by EPA;

UNITED STATES' COMPLAINT
No. _____
Page 17

U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044

Case 3:23-cv-00073-JMK   Document 1   Filed 04/07/23   Page 17 of 19

III. Order Defendant Robert Yundt to pay civil penalties, pursuant to CWA Section 309(d), 33 U.S.C. § 1319(d), for each violation of CWA Section 301(a);

IV. Order Defendant Robert Yundt Homes, LLC, to pay civil penalties, pursuant to CWA Section 309(d), 33 U.S.C. § 1319(d), for each violation of the terms of the Administrative Orders on Consent;

V. Award the United States costs and disbursements, including expert witness fees, incurred in this action; and

VI. Grant any other relief as the Court may deem just and proper.

UNITED STATES' COMPLAINT
No. _____
Page 18

U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044

Case 3:23-cv-00073-JMK   Document 1   Filed 04/07/23   Page 18 of 19

Respectfully submitted,

TODD KIM
Assistant Attorney General
Environment and Natural
Resources Division

S. LANE TUCKER
United States Attorney
District of Alaska

*/s/ Daniel J. Martin*
DANIEL J. MARTIN
LAURA J.S. BROWN
Environmental Defense Section
United States Department of Justice
P.O. Box 7611
Washington, DC 20044
202-307-1056
Daniel.Martin3@usdoj.gov

OF COUNSEL
PATRICK B. JOHNSON
U.S. Environmental Protection Agency, Region 10
Alaska Operations Office
222 West 7th Ave., #19
Anchorage, Alaska 99513-7588
(907) 271-3914
johnson.patrick@epa.gov

UNITED STATES' COMPLAINT　　　　　　　　　　　　　　　　U.S. Department of Justice
No. _____　　　　　　　　　　　　　　　　　　　　Environmental Defense Section
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　P.O. Box 7611
Page 19　　　　　　　　　　　　　　　　　　　　　　　　Washington, D.C. 20044

Case 3:23-cv-00073-JMK   Document 1   Filed 04/07/23   Page 19 of 19