# Exhibit A

BEFORE THE
UNITED STATES ENVIRONMENTAL PROTECTION AGENCY

| | |
|---|---|
| In the Matter of:<br><br>ROBERT YUNDT HOMES, LLC,<br><br>Wasilla Lake - Wasilla, Alaska,<br><br>Respondent. | DOCKET NO. CWA-10-2022-0007<br><br>**ADMINISTRATIVE ORDER ON CONSENT** |

## I. INTRODUCTION

1.1. The U.S. Environmental Protection Agency ("EPA") makes the findings set forth in Section IV below and is issuing this Administrative Order on Consent ("Order") to Robert Yundt Homes, LLC ("Respondent") under the authorities in Sections 308 and 309(a) of the Clean Water Act ("CWA"), 33 U.S.C. §§ 1318 and 1319(a).

1.2. This Order is mutually entered into by EPA and Respondent.

1.3. EPA alleges that Respondent violated Section 301(a) of the CWA, 33 U.S.C. § 1311(a), by discharging a pollutant or pollutants into the navigable waters from a point source without authorization by a Department of Army permit issued by the U.S. Army Corps of Engineers ("Corps") pursuant to Section 404 of the CWA, 33 U.S.C. § 1344.

1.4. By entering into this Order, Respondent (1) consents to EPA's authority to issue and enforce this Order; (2) neither admits nor denies the factual allegations as set forth in this Order; (3) agrees to undertake all actions required by the terms and conditions of this Order; (4) consents to be bound by the requirements set forth herein; and (5) agrees not to contest the authority of EPA to issue or enforce this Order or the validity of any terms or conditions in this Order.

## II. STATUTORY AUTHORITY

2.1. Section 301(a) of the CWA, 33 U.S.C. § 1311(a), prohibits the discharge of any pollutant by any person except, *inter alia*, as authorized by a permit issued by the Corps pursuant to Section 404 of the CWA, 33 U.S.C. § 1344.

2.2. Section 309(a) of the CWA, 33 U.S.C. § 1319(a), provides that whenever EPA finds that any person is in violation of any condition or limitation that implements, *inter alia*, Sections 301(a) and 404 of the CWA, 33 U.S.C. §§ 1311(a) and 1344, EPA shall issue an order requiring such person to comply with such condition or limitation, and shall specify a time for compliance that EPA determines to be reasonable taking into account the seriousness of the violation and any good faith efforts to comply with applicable requirements.

2.3. Section 308(a) of the CWA, 33 U.S.C. § 1318(a), authorizes EPA to require the submission of any information required to carry out the objectives of the CWA.

2.4. The authorities in Sections 308 and 309(a), 33 U.S.C. §§ 1318 and 1319(a), have been delegated to the Regional Administrator for EPA Region 10 and have been redelegated to the Region 10 Director of the Enforcement and Compliance Assurance Division ("Director").

## III. DEFINITIONS

3.1. All terms used, but not defined, in this Order have the meanings provided to them in the CWA, 33 U.S.C. § 1251 *et seq.*, and the EPA regulations promulgated under the CWA.

3.2. "Act" or "CWA" means the Clean Water Act, 33 U.S.C. § 1251 *et seq.*

3.3. "Day" or "days" means a calendar day or calendar days unless expressly stated to be a business day. When computing any period of time under this Order, should the last day fall

In the Matter of: Robert Yundt Homes, LLC
Docket Number: CWA-10-2022-0007
Administrative Order on Consent
Page 2 of 17

U.S. Environmental Protection Agency
1200 Sixth Avenue, Suite 155, 11-C07
Seattle, Washington 98101

Case 3:23-cv-00073-JMK   Document 1-1   Filed 04/07/23   Page 3 of 18

on a Saturday, Sunday, or federal holiday, the period shall run until the end of the next business day.

3.4. "Discharge of a pollutant," as defined in Section 502(12) of the CWA, means *inter alia*, "any addition of any pollutant to navigable waters from any point source." 33 U.S.C. § 1362(12).

3.5. "Discharge of dredged material," as defined in 40 C.F.R. § 232.2, means *inter alia*, "any addition of dredged material into, including redeposit of dredged material other than incidental fallback within, the waters of the United States."

3.6. "Discharge of fill material," as defined in 40 C.F.R. § 232.2, means *inter alia*, "the addition of fill material into waters of the United States."

3.7. "Dredged material," as defined in 40 C.F.R. § 232.2, means "material that is excavated or dredged from waters of the United States."

3.8. "Site" means the residential subdivision lot located adjacent to Wasilla Lake at 1165 East Westpoint Drive in Wasilla, Alaska within Section 10, Township 17 North, Range 1 West, Seward Meridian.

3.9. "Fill material," defined in 40 C.F.R. § 232.2, means *inter alia*, "material placed in waters of the United States where the material has the effect of: (i) replacing any portion of a water of the United States with dry land; or (ii) changing the bottom elevation of any portion of a water of the United States."

3.10. "Navigable waters," as defined in Section 502(7) of the CWA, means "the waters of the United States, including the territorial seas." 33 U.S.C. § 1362(7). In turn, "waters of the United States" is defined to include, *inter alia*, all waters which are currently used, were used in the past, or may be susceptible to use in interstate or foreign commerce, including all waters

In the Matter of: Robert Yundt Homes, LLC  
Docket Number: CWA-10-2022-0007  
Administrative Order on Consent  
Page 3 of 17

U.S. Environmental Protection Agency  
1200 Sixth Avenue, Suite 155, 11-C07  
Seattle, Washington 98101

Case 3:23-cv-00073-JMK   Document 1-1   Filed 04/07/23   Page 4 of 18

which are subject to the ebb and flow of the tide; tributaries to such waters; and wetlands adjacent to the foregoing waters. 40 C.F.R. § 120.2.

3.11. "Parties" means EPA and Respondent.

3.12. "Person," as defined in Section 502(5) of the CWA, means an "individual, corporation, partnership, association, State, municipality, commission, or political subdivision of a State, or any interstate body." 33 U.S.C. § 1362(5).

3.13. "Point source," as defined in Section 502(14) of the CWA, means "any discernible, confined and discrete conveyance . . . from which pollutants are or may be discharged." 33 U.S.C. § 1362(14).

3.14. "Pollutant," as defined in Section 502(6) of the CWA, means "dredged spoil, solid waste, incinerator residue, sewage, garbage, sewage sludge, munitions, chemical wastes, biological materials, radioactive materials, heat, wrecked or discarded equipment, rock, sand, cellar dirt, and industrial, municipal, and agricultural waste discharged into water." 33 U.S.C. § 1362(6).

## IV. FINDINGS OF FACT AND LAW

4.1. Respondent is a limited liability company licensed to conduct business in the State of Alaska and is therefore a "person" as defined by CWA Section 502(5), 33 U.S.C. § 1362(5).

4.2. At times relevant to this Order, Respondent operated at or controlled the Site, identified in Exhibit A of this Order.

In the Matter of: Robert Yundt Homes, LLC
Docket Number: CWA-10-2022-0007
Administrative Order on Consent
Page 4 of 17

U.S. Environmental Protection Agency
1200 Sixth Avenue, Suite 155, 11-C07
Seattle, Washington 98101

Case 3:23-cv-00073-JMK   Document 1-1   Filed 04/07/23   Page 5 of 18

4.3. The Site contains wetlands that are adjacent to Wasilla Lake, a relatively permanent water. Wasilla Lake has a continuous surface water connection to Cottonwood Creek, a perennial tributary with a continuous surface water connection to the Knik Arm of Cook Inlet. The Knik Arm of Cook Inlet is subject to the ebb and flow of the tide, is a traditional navigable water, and is a therefore a water of the United States. As such, Wasilla Lake and its adjacent wetlands are "navigable waters" within the meaning of CWA Section 502(7), 33 U.S.C. § 1362(7), and are "waters of the United States" within the meaning of 40 C.F.R. § 120.2.

4.4. Beginning on or around August 10, 2020, and extending until on or around August 17, 2020, Respondent and/or persons acting on its behalf:

        4.4.1 Used certain heavy earthmoving equipment, including a skid steer loader, excavator, and dump truck, to relocate and discharge rip rap rock, gravel, and topsoil at the Site; and

        4.4.2 Placed those materials into wetlands adjacent to Wasilla Lake and below the ordinary high-water mark of Wasilla Lake.

4.5. The purpose of Respondent's activities was to create a residential backyard with a grass lawn, discharge rip rap rock to stabilize the shoreline, and construct a floating dock affixed to the shoreline of Wasilla Lake.

4.6. The equipment referenced in Paragraph 4.4.1 is a "point source" within the meaning of CWA Section 502(14), 33 U.S.C. § 1362(14).

In the Matter of: Robert Yundt Homes, LLC  
Docket Number: CWA-10-2022-0007  
Administrative Order on Consent  
Page 5 of 17

U.S. Environmental Protection Agency  
1200 Sixth Avenue, Suite 155, 11-C07  
Seattle, Washington 98101

Case 3:23-cv-00073-JMK   Document 1-1   Filed 04/07/23   Page 6 of 18

4.7. The dredged and/or fill materials that Respondent and/or persons acting on its behalf caused to be discharged, as referenced in Paragraph 4.4.1, included gravel, native organic soil, woody debris, slash, and logs, each of which constitutes "dredged material" and/or "fill material" within the meaning of 40 C.F.R. § 232.2, and each of which constitutes a "pollutant" within the meaning of CWA Section 502(6), 33 U.S.C. § 1362(6).

4.8. By causing such dredged and/or fill materials to enter waters of the United States, Respondent engaged in the "discharge of pollutants" from a point source within the meaning of CWA Sections 301(a) and 502(12), 33 U.S.C. §§ 1311(a) and 1362(12).

4.9. Because Respondent operated at the Site that resulted in the discharge of pollutants from a point source into navigable waters, Respondent and the Site are subject to the CWA at all times relevant to this Order. Thus, any such discharge has been and is subject to the CWA.

4.10. During all times relevant to this Order, Respondent did not apply for a Corps permit under Section 404 of the CWA, 33 U.S.C. § 1344.

4.11. Respondent is a person who discharged pollutant(s) from point source(s) into navigable waters, without a permit under Section 404 of the CWA, 33 U.S.C. § 1344. Accordingly, each instance in which Respondent discharged pollutant(s) to navigable waters, is a violation of Section 301 of the CWA, 33 U.S.C. § 1311.

4.12. Each day that the dredged and/or fill material remains in place without the required permit constitutes a violation of CWA Section 301(a), 33 U.S.C. § 1311(a).

4.13. Taking into account the seriousness of these violations and any good faith efforts to comply with applicable requirements, the parties acknowledge and agree that the schedule for compliance contained in Section V of this Order is reasonable and appropriate.

In the Matter of: Robert Yundt Homes, LLC  
Docket Number: CWA-10-2022-0007  
Administrative Order on Consent  
Page 6 of 17

U.S. Environmental Protection Agency  
1200 Sixth Avenue, Suite 155, 11-C07  
Seattle, Washington 98101

Case 3:23-cv-00073-JMK  Document 1-1  Filed 04/07/23  Page 7 of 18

## V.     COMPLIANCE MEASURES

Based upon the foregoing findings and the authority granted to the undersigned Director, it is hereby ordered and agreed to in accordance with Sections 308 and 309(a) of the CWA, 33 U.S.C. §§ 1318 and 1319(a), that Respondent comply with the following actions:

5.1     Prohibition of Discharge: Respondent shall not discharge any additional pollutants into any waters of the United States at the Site except in compliance with this Order or a permit issued pursuant to the CWA.

5.2     Submission of Restoration Work Plan: No later than forty-five (45) days after the effective date of this Order, Respondent and/or persons acting on its behalf shall submit a Restoration Work Plan to EPA for review and approval. At a minimum, the Restoration Work Plan shall include the following:

> 5.2.1   A description of the removal of all rip rap rock, gravel, topsoil, and any other fill material that was discharged into wetlands adjacent to Wasilla Lake and below the ordinary high-water mark of Wasilla Lake at the Site;
>
> 5.2.2   A description of the new upland location for all rip-rap rock, topsoil, and any other fill material removed from wetlands adjacent to Wasilla Lake and below the ordinary high-water mark of Wasilla Lake at the Site;
>
> 5.2.3   A surveyed map depicting: (1) the current and future location of all rip-rap rock, topsoil, and/or other fill material in wetlands and/or below the ordinary high-water mark of Wasilla Lake; (2) the jurisdictional wetland boundary

In the Matter of:  Robert Yundt Homes, LLC
Docket Number:  CWA-10-2022-0007
Administrative Order on Consent
Page 7 of 17

U.S. Environmental Protection Agency
1200 Sixth Avenue, Suite 155, 11-C07
Seattle, Washington 98101

Case 3:23-cv-00073-JMK   Document 1-1   Filed 04/07/23   Page 8 of 18

identified by the Corps; and (3) the fixed locations where photographs will be taken for the Completion Report and subsequent Annual Monitoring Reports.

5.2.4 A description of how the location and alignment of the Site's shoreline will be restored as it existed prior to the activities described in Paragraph 4.4;

5.2.5 A description of how the shoreline at the Site will be regraded to its approximate contour and slope as it existed prior to the activities described in Paragraph 4.4;

5.2.6 A description of how all restoration work will be completed, including: (1) dates certain by which activities will commence; (2) a list of any heavy earthmoving equipment to be used and/or other equipment that will be employed to minimize wetland impacts; and (3) the name(s) and contact information for the person(s) and/or contractor(s), if any, that will complete the work under this Restoration Work Plan and this Order;

5.2.7 A list of the best management practices (BMPs) (including silt fences, silt curtains, work practices, etc.) Respondent will employ during the restoration activities to minimize to the maximum extent practicable: (1) the discharge of sediment and other pollutants to waters of the United States, including wetlands; and (2) soil compaction and damage to existing vegetation;

5.2.8 A description of how Respondent will comply with all requirements of any local, state, and/or federal authorizations and/or permits that will be necessary to complete the restoration work, including, but not limited to, under CWA Section 401, CWA Section 402, CWA Section 404, City of Wasilla and

In the Matter of: Robert Yundt Homes, LLC
Docket Number: CWA-10-2022-0007
Administrative Order on Consent
Page 8 of 17

U.S. Environmental Protection Agency
1200 Sixth Avenue, Suite 155, 11-C07
Seattle, Washington 98101

Case 3:23-cv-00073-JMK   Document 1-1   Filed 04/07/23   Page 9 of 18

Matanuska-Susitna Borough laws, codes, and ordinances, and/or Alaska state law;

5.2.9 A Revegetation Plan at the Site that prioritizes native, hydrophytic vegetation commonly found in healthy riparian lake wetland systems in south-central Alaska. The performance standard will require natural revegetation during the subsequent three years after restoration activities to achieve a 75% vegetation cover. If this performance standard is not achieved after three years of annual monitoring, EPA will require implementation of additional corrective measures, such as active vegetation planting at the Site;

5.2.10 A Three-Year Monitoring Plan describing the photographic monitoring and documentation for the restoration measures, including specific vegetation performance standards, at the Site; and

5.2.11 A Contingency Plan identifying the corrective actions Respondent will take in the event the performance standards for vegetation are not achieved.

5.3 Approval by EPA: The Restoration Work Plan shall be submitted to EPA representatives identified in Paragraph 6.1 for review and approval prior to commencement of restoration work at the Site. Upon receipt of the Restoration Work Plan, EPA will, within a reasonable time, review and approve the Restoration Work Plan or submit a request for additional information and/or request a Site visit. Respondent shall respond to an initial request

In the Matter of: Robert Yundt Homes, LLC
Docket Number: CWA-10-2022-0007
Administrative Order on Consent
Page 9 of 17

U.S. Environmental Protection Agency
1200 Sixth Avenue, Suite 155, 11-C07
Seattle, Washington 98101

Case 3:23-cv-00073-JMK   Document 1-1   Filed 04/07/23   Page 10 of 18

for additional information within thirty (30) days. EPA will review the response to the request for additional information within a reasonable time.

5.4  Notification to EPA: At least seven (7) days prior to commencing activities at the Site under the EPA-approved Final Restoration Work Plan, Respondent shall notify the EPA representatives identified in Paragraph 6.1.

5.5  Implementation: Respondent shall complete the activities required by the EPA-approved Restoration Work Plan, other than the annual monitoring requirements, no later than July 31, 2022.

5.6  Completion Report. Within thirty (30) days of completing the restoration activities described in the EPA-approved Final Restoration Work Plan, Respondent shall provide the EPA representatives identified in Paragraph 6.1 with a Completion Report, which shall include photographs of the Site conditions before and after compliance with this Order and implementation of the EPA-approved Final Restoration Work Plan. The photographs shall be taken from fixed locations identified in the EPA-approved Final Restoration Work Plan and include a description. EPA will review and approve the Completion Report within a reasonable time, not to exceed thirty (30) days from receipt of Respondent's written notification. EPA may request a Site visit to verify the completion of restoration activities consistent with the EPA-approved Final Restoration Work Plan and Order.

5.7  Annual Monitoring Reports. On or before the first, second, and third anniversaries of EPA's approval of the Completion Report, Respondent shall submit an annual monitoring report to the EPA representatives identified in Paragraph 6.1. Each annual report shall include photographs taken from fixed locations identified in the EPA-approved Final Restoration Work Plan. Each annual monitoring report shall also include a written narrative that

In the Matter of: Robert Yundt Homes, LLC  
Docket Number: CWA-10-2022-0007  
Administrative Order on Consent  
Page 10 of 17

U.S. Environmental Protection Agency  
1200 Sixth Avenue, Suite 155, 11-C07  
Seattle, Washington 98101

Case 3:23-cv-00073-JMK   Document 1-1   Filed 04/07/23   Page 11 of 18

details the results of that year's monitoring activities, any maintenance actions conducted at the Site, and any adaptive management actions that were implemented, and deviations from the monitoring protocols identified in the EPA-approved Final Restoration Work Plan, and the current conditions at the Site. Each Annual Monitoring Report shall also describe any potential problems observed and recommended changes to the monitoring protocols or performance standards, which shall be included in the EPA-approved Final Restoration Work Plan. EPA may request a Site visit to verify the annual progress of the restoration activities consistent with the EPA-approved Final Restoration Work Plan and Order.

5.8  Site Access: Until termination of this Order, Respondent shall, commencing on the Effective Date, provide or otherwise obtain for EPA, reasonable access to the areas of the Site owned by Respondent. Respondent shall provide access to all records and documentation reasonably related to the conditions at the Site and the restoration activities conducted pursuant to this Order. Such access shall be provided to EPA employees and its designated representatives. These individuals shall be permitted to move freely at the Site so long as they do not unreasonably interfere with any of Respondent's activities at the Site.

## VI. DOCUMENTATION AND SUBMISSIONS

6.1.  All reports, notifications, documentation, submissions, and other correspondence required to be submitted by this Order shall be submitted to EPA electronically, to the extent possible. Electronic submissions shall be sent to the following email addresses: jen.mark@epa.gov; johnson.patrick@epa.gov; and R10enforcement@epa.gov. The subject line of all email correspondence shall include the Site name, subject of the deliverable, and the docket number of this Order. All electronically-submitted materials shall be in final and searchable format, such as Portable Document Format (PDF) with Optical Character Recognition

In the Matter of: Robert Yundt Homes, LLC  
Docket Number: CWA-10-2022-0007  
Administrative Order on Consent  
Page 11 of 17

U.S. Environmental Protection Agency  
1200 Sixth Avenue, Suite 155, 11-C07  
Seattle, Washington 98101

Case 3:23-cv-00073-JMK   Document 1-1   Filed 04/07/23   Page 12 of 18

(OCR) applied. If electronic submittal is not possible, then submissions shall be made by certified mail with a return receipt requested. Certified mailed submissions shall be addressed to the following EPA representatives:

Attn: Mark Jen, Inspector/Case Officer
U.S. Environmental Protection Agency
Region 10, Alaska Operations Office
222 West Seventh Avenue, No. 19
Anchorage, Alaska 99513

Attn: Patrick Johnson, Attorney
U.S. Environmental Protection Agency
Region 10, Alaska Operations Office
222 West Seventh Avenue, No. 19
Anchorage, Alaska 99513

6.2. All reports, notifications, documentation, and submissions required by this Order shall be signed by a duly authorized representative(s) of Respondent and shall include the following statement:

> "I certify under penalty of law that this document and all attachments were prepared under my direction or supervision in accordance with a system designed to assure that qualified personnel properly gather and evaluate the information submitted. Based on my inquiry of the person or persons who manage the system, or those persons directly responsible for gathering the information, the information submitted is, to the best of my knowledge and belief, true, accurate, and complete. I am aware that there are significant penalties for submitting false information, including the possibility of fine and imprisonment for knowing violations."

6.3. <u>Confidential Business Information:</u> Respondent may not withhold information based on a claim that it is confidential. However, pursuant to 40 C.F.R. Part 2, Subpart B, Respondent may assert a claim of business confidentiality regarding any portion of the information submitted in response to this Order. The manner of asserting such claims is specified in 40 C.F.R. § 2.203(b). Information subject to a business confidentiality claim is available to the public only to the extent, and by means of the procedures, set forth in 40 C.F.R. Part 2, Subpart B. If Respondent does not assert a claim of business confidentiality when it submits the information, EPA may make the information available to the public without further notice. 40 C.F.R. § 2.203(c).

In the Matter of: Robert Yundt Homes, LLC
Docket Number: CWA-10-2022-0007
Administrative Order on Consent
Page 12 of 17

U.S. Environmental Protection Agency
1200 Sixth Avenue, Suite 155, 11-C07
Seattle, Washington 98101

Case 3:23-cv-00073-JMK   Document 1-1   Filed 04/07/23   Page 13 of 18

6.4. If Respondent finds at any time after submitting information that any portion of that information is false or incorrect, the signatory shall notify EPA immediately. Knowingly submitting false information to EPA in response to this Order may subject Respondent to criminal prosecution under Section 309(c) of the CWA, 33 U.S.C. § 1319(c), as well as 18 U.S.C. § 1001 and 1341.

6.5. Submissions by Respondent are incorporated and enforceable as part of this Order. In case of inconsistency between any submission by Respondent and this Order and its subsequent modifications, this Order and its subsequent modifications shall control.

6.6. EPA may use any information submitted in response to this Order in support of an administrative, civil, or criminal action against Respondent.

6.7. The information required to be submitted pursuant to this Order is not subject to the approval requirements of the Paperwork Reduction Act of 1995, 44 U.S.C. § 3501 *et seq*.

6.8. Record Preservation: Respondent shall preserve and retain, and shall instruct its consultant, contractor, and other persons acting on their behalf in connection with this Order, to preserve and retain all records and documents relating in any manner to this Order until EPA has issued a written notice pursuant to Section 12.3. If EPA asks Respondent for any copies of any records or documents related to the activities conducted pursuant to this Order, Respondent shall, at no cost to EPA, provide EPA the original or copies of the records or documents within thirty (30) days of EPA's request.

## VII. GENERAL PROVISIONS

7.1. Respondent has had the opportunity to confer with and submit information to EPA concerning the validity and provisions of this Order.

In the Matter of: Robert Yundt Homes, LLC
Docket Number: CWA-10-2022-0007
Administrative Order on Consent
Page 13 of 17

U.S. Environmental Protection Agency
1200 Sixth Avenue, Suite 155, 11-C07
Seattle, Washington 98101

Case 3:23-cv-00073-JMK   Document 1-1   Filed 04/07/23   Page 14 of 18

7.2. This Order does not affect Respondent's responsibility to comply with the CWA and other local, state, and federal laws and regulations.

7.3. The undersigned signatory for each party has the authority to bind each respective party to the terms and conditions of this Order.

7.4. Respondent agrees to accept service of this Order by electronic mail to ryb.accts@gmail.com.

7.5. This Order shall be binding on Respondent and their agents, employees, successors, and assigns, and on all persons, contractors, and consultants acting in concert with or under the direction of Respondent or of this Order.

7.6. Respondent shall provide a copy of this Order to all contractors and/or consultants retained to perform any of the work described in this Order at least forty-eight (48) hours prior to the initiation of such work.

7.7. Until such time as all tasks required under this Order are completed, Respondent shall provide a copy of this Order to any successor in ownership, control, or operation in all or any portion of the real property at issue at least thirty (30) days prior to the transfer and shall simultaneously notify EPA in writing that such notice has been given. No transfer or contract shall in any way affect Respondent's obligation to comply fully with all the terms and conditions of this Order.

7.8. This Order does not restrict EPA's authority to enforce any section of the CWA or its implementing regulations.

7.9. For purposes of the identification requirement in Section 162(f)(2)(A)(ii) of the Internal Revenue Code, 26 U.S.C. § 162(f)(2)(A)(ii), and 26 C.F.R. § 1.162-21(b)(2),

In the Matter of: Robert Yundt Homes, LLC  
Docket Number: CWA-10-2022-0007  
Administrative Order on Consent  
Page 14 of 17

U.S. Environmental Protection Agency  
1200 Sixth Avenue, Suite 155, 11-C07  
Seattle, Washington 98101

Case 3:23-cv-00073-JMK   Document 1-1   Filed 04/07/23   Page 15 of 18

performance of Paragraphs 5.1 – 6.8 are restitution, remediation, or required to come into compliance with the law.

## VIII. SANCTIONS

8.1. Failure to Comply: Failure to comply with the terms of this Order may subject Respondent to civil penalties under Section 309(d), 33 U.S.C. § 1319(d), as modified by 40 C.F.R. Part 19. Should EPA commence an action seeking penalties for violations of this Order, a United States district court has the authority, after notice and opportunity for a hearing, to impose separate civil penalties for violations of the CWA as well as for violations of this Order.

## IX. MODIFICATION OF ORDER

9.1. The deadlines set forth in this Order may be modified upon written approval by EPA. Any other modification of this Order shall be by agreement of all Parties and in writing and shall not take effect until the written agreement is signed by all Parties.

## X. JUDICIAL REVIEW

10.1. Respondent waives any and all remedies, claims for relief, and otherwise available rights to judicial or administrative review that Respondent may have with respect to any issue of fact or law set forth in this Order, including, but not limited to, any right of judicial review of this Order under the Administrative Procedure Act, 5 U.S.C. §§ 701-708.

## XI. EFFECTIVE DATE

11.1. This Order shall become effective upon receipt by Respondent and will remain in effect until Respondent has demonstrated compliance and EPA has notified Respondent pursuant to Section XII, below.

## XII. FINAL REPORT, INSPECTION, AND TERMINATION

12.1. EPA may terminate this Order at any time by written notice to Respondent.

In the Matter of: Robert Yundt Homes, LLC
Docket Number: CWA-10-2022-0007
Administrative Order on Consent
Page 15 of 17

U.S. Environmental Protection Agency
1200 Sixth Avenue, Suite 155, 11-C07
Seattle, Washington 98101

Case 3:23-cv-00073-JMK   Document 1-1   Filed 04/07/23   Page 16 of 18

12.2. Final Report and Certification: Absent the notice described in Paragraph 12.1 and within thirty (30) days after Respondent concludes that it has complied with all requirements of the EPA-approved Final Restoration Work Plan this Order, Respondent shall submit to the EPA representatives in Paragraph 6.1 a written Final Report and Certification of Completion describing all actions taken to comply with all requirements of this Order. Respondent shall follow the procedures set forth in Section VI of this Order.

12.3. Site Inspection: After receipt and review of Respondent's Final Report and Certification of Completion submitted pursuant to Paragraph 12.2, EPA will require a Site Inspection to confirm compliance with all requirements of the EPA-approved Final Restoration Work Plan and this Order

12.4. Corrective Actions: No later than fifteen (15) days after the Site Inspection pursuant to Paragraph 12.3, EPA will notify Respondent whether it has satisfied all requirements of EPA-approved Final Restoration Work Plan and this Order under the procedures set forth in Section VI of this Order. If EPA concludes that Respondent has failed to satisfy the requirements of the EPA-approved Final Restoration Work Plan and this Order, EPA may require further Corrective Actions as set forth under this Order or it may pursue administrative or civil judicial actions.

12.5. Termination: If EPA concludes that Respondent has satisfied the requirements of the EPA-approved Final Restoration Work Plan and this Order, a Letter of Termination to administratively close this Order will be provided as written notification to Respondent.

In the Matter of: Robert Yundt Homes, LLC
Docket Number: CWA-10-2022-0007
Administrative Order on Consent
Page 16 of 17

U.S. Environmental Protection Agency
1200 Sixth Avenue, Suite 155, 11-C07
Seattle, Washington 98101

Case 3:23-cv-00073-JMK   Document 1-1   Filed 04/07/23   Page 17 of 18

STIPULATED and AGREED this 29 day of October, 2021:

_____
Robert Yundt, II, Manager
Robert Yundt Homes, LLC

It is so ORDERED and AGREED this ____ day of _____, 2021:

EDWARD KOWALSKI
Digitally signed by EDWARD KOWALSKI
Date: 2021.11.02 11:51:23 -07'00'

Edward J. Kowalski, Director
Enforcement and Compliance Assurance Division
EPA Region 10

In the Matter of: Robert Yundt Homes, LLC
Docket Number: CWA-10-2022-0007
Administrative Order on Consent
Page 17 of 17

U.S. Environmental Protection Agency
1200 Sixth Avenue, Suite 155, 11-C07
Seattle, Washington 98101

Case 3:23-cv-00073-JMK   Document 1-1   Filed 04/07/23   Page 18 of 18